IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RULON JOHNSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY FRONT PARTNERS, LLC, d.b.a. CITIFRONT APARTMENTS; SALT LAKE NEIGHBORHOOD HOUSING SERVICES, INC.; and UTAH HOUSING CORPORATION,<br>　　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SEVER;GRANTING IN PART MOTION TO REMAND and DISMISSAL OF CLAIMS AGAINST UTAH HOUSING CORPORATION**<br><br>Case No. 2:13-CV-00135-DN<br><br>District Judge David Nuffer |

　　　　Defendant Utah Housing Corporation (UHC) filed a motion to sever Plaintiff Rulon Johnson's state claims against City Front Partners, LLC (City Front) from his claims against UHC.[1] UHC's motion to sever is GRANTED, and the claims against City Front are remanded to state court. And because Johnson has no standing to raise his claims against UHC, the remaining claims are DISMISSED with prejudice.

**Background**

　　　　Johnson (a low-income housing resident) alleges that his landlord City Front served a notice to vacate on November 28, 2012.[2] In response, Johnson filed a petition for declaratory judgment and injunctive relief against City Front and UHC in the Third District Court of the State of Utah.[3] UHC removed this case to federal court in February 2013.[4] On March 19th, 2013, Johnson filed a motion to remand to the state court.[5] UHC responded by filing a motion "to sever

---

[1] Motion to Sever, docket no. 9, filed Apr. 2, 2013.

[2] Petition for Declaratory Judgment and Injunctive Relief at 7, docket no. 2-2, filed Feb. 20, 2013.

[3] *Id.*

[4] Notice of Removal, docket no. 2, filed Feb. 20, 2013.

[5] Motion to Remand, docket no. 5, filed Mar. 19, 2013.

the state from the federal law claims, so that the former [claims against City Front] may be remanded" to state court, and the latter (claims against UHC) would remain in federal court.[6] After reviewing all those filings, the court ordered each party to state whether 26 U.S.C. § 42 (Section 42) creates a private cause of action and whether Johnson has standing to raise a claim under that statute.[7]

In response, Johnson concedes that Section 42 does not provide a private cause of action, but argues that constitutional due process concerns could support federal subject matter jurisdiction.[8] UHC argues that because Section 42 does not create a private cause of action, Johnson lacks standing to sue UHC under Section 42, and all claims against UHC should be dismissed.[9]

**Claims at Issue**

This order considers: (1) whether Johnson has standing to sue UHC under Section 42; and (2) whether Johnson's federal claims should be severed from his state claims, and the state claims remanded to state court. For the following reasons, this order grants UHC's motion to sever, dismisses Johnson's claims against UHC, and grants Johnson's motion to remand the remaining claims against City Front.

---

[6] Motion to Sever at 1.

[7] Docket text order, docket no. 17, filed Jan. 24, 2014.

[8] [Johnson's] Statement Regarding the Question of Federal Subject Matter Jurisdiction at 2, docket no. 18, filed Feb. 10, 2014.

[9] Defendant Utah Housing Corporation's Statement as to Plaintiff's Standing and Status Report as to Plaintiff's Residency, docket no. 19, filed Feb. 10, 2014.

**Johnson Lacks Standing on Claims Against UHC**

Section 42 does not grant or authorize a private cause of action,[10] and Johnson concedes this.[11] Thus, Johnson does not have standing to bring the Section 42 claims.

In his Statement Regarding the Question of Federal Subject Matter Jurisdiction, Johnson argues that his claims against UHC should be heard based on his constitutional due process rights.[12] But Johnson has never actually pled a due process violation.[13] Also, the only process to this point is a private dispute with a notice to quit, with no government involvement.

Therefore, because Johnson's claims against UHC rely entirely on Section 42, and Section 42 creates no private cause of action, his claims against UHC must be dismissed.

**Claims Against City Front Should Be Severed**

Johnson's claims against City Front arise out of state law. After a case is removed to federal court, 28 U.S.C. § 1441(c) requires that all claims "not within the original or supplemental jurisdiction of the district court" shall be "severed" and remanded "to the State court from which the action was removed."[14]

The parties cite no basis for this court's original jurisdiction of Johnson's wrongful eviction claims against City Front. Eviction actions are governed by private agreements and state law[15] and heard in state courts.

---

[10] 26 U.S.C. § 42; *see also Cuba Soil & Water Conservation Dist. v. Lewis*, 527 F.3d 1061, 1064 (10th Cir. 2008) ("Where Congress has expressly provided for enforcement of a statute by a particular means, we are hesitant to look beyond that means because "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." (quoting *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001))).

[11] [Johnson's] Statement Regarding the Question of Federal Subject Matter Jurisdiction at 2 (stating that Section 42 "does not provide a private right of action to be enforced in federal court").

[12] *Id.* at 3–4.

[13] *See* Petition for Declaratory Judgment and Injunctive Relief.

[14] 28 U.S.C. § 1441(c).

[15] *See* UTAH CODE ANN. §§ 57-22-1 to -7.

This court also lacks supplemental jurisdiction to hear Johnson's claims against City Front. Supplemental jurisdiction only extends to claims that "form part of the same case or controversy" as the claims over which the court has original jurisdiction.[16] Even if Johnson's claims against UHC arise from the same nucleus of operative facts as his claims against City Front, supplemental jurisdiction is not present because the court lacks original subject matter jurisdiction to hear Johnson's claims against UHC. Johnson and City Front do not meet the diversity of citizenship or amount in controversy requirements to qualify for diversity jurisdiction.[17] Johnson's only potential remedies are created in the private contract itself and in state law.

Thus, Johnson's claims against City Front will be remanded to state court.

**ORDER**

IT IS HEREBY ORDERED that UHC'S Motion to Sever[18] is GRANTED.

IT IS FURTHER ORDERED that all Johnson's Section 42 claims against UHC are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Johnson's Motion to Remand[19] is GRANTED IN PART and all remaining claims against City Front are remanded to Utah State Court.

The clerk shall close this case.

Signed February 28, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[16] 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact.").

[17] 28 U.S.C. § 1332.

[18] Motion to Sever, docket no. 9, filed Apr. 2, 2013.

[19] Motions to Remand, docket no. 5, filed Mar. 19, 2013.